

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00003-CR

_____

**FREDERICK EARL CRAWFORD,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 85th District Court
Brazos County, Texas
Trial Court No. 07-06398-CRF-85**

_____

## MEMORANDUM  OPINION

_____

The trial court found Frederick Earl Crawford guilty of robbery and assessed his punishment at twenty years' imprisonment.  In two issues, Crawford contends that the evidence is legally and factually insufficient to support his conviction, specifically on the issue of bodily injury.  We will affirm.

The Court of Criminal Appeals recently overruled *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) and factual-sufficiency review.  *See Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  The court held that the *Jackson v. Virginia* legal-

sufficiency standard is the only standard a reviewing court should apply in determining the sufficiency of the evidence. *Id.* Because we cannot review the evidence for factual sufficiency, we overrule issue two and will proceed to a sufficiency review for issue one.

When reviewing a challenge to the sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

As alleged in the indictment, a person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West 2011). The definition of bodily injury is broad and encompasses even relatively minor physical contacts as long as they constitute more than mere offensive touching. *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

In this case, Oralia Esquivel testified that she went to the store with her husband and children. Her husband waited in the truck while she, her oldest daughter, and her baby went into the store. When she returned to the truck and began putting the baby inside, Crawford "arrived and pulled my daughters to the side, and he started to pull on my purse." Oralia was pulling it back at first, but she finally let it go when she saw Crawford turn and look at her children. She then told her husband, "Help me. He's robbing me." Her husband and another man chased Crawford and, once they caught him, held him until the police arrived.

Oralia stated that she had the purse on her arm when he began pulling on it. When asked how hard Crawford was pulling, she stated that it was "full force." It hurt and made a "red spot." The following day, she had bruises.

Officer Jeremy Elmore with the Bryan Police Department testified that after arresting Crawford, he spoke with Oralia, with her daughter acting as an interpreter. Oralia showed him the injury on her left bicep. "She was saying it was injured or sore, and she had some pain in it." Officer Elmore took a photograph of the red mark that night, and it was admitted at trial. On cross-examination, Officer Elmore acknowledged that in talking with Oralia, she never said that she fell down, was pushed up against the car, or was pushed down.

Francisco Esquivel, Oralia's husband, also testified. He stated that his daughter was standing at the truck's door and Crawford pulled her away to grab his wife's purse. "He pulled on the purse until he grabbed it from her." Oralia was trying to keep Crawford from taking the purse. This lasted "for a while" because, at first, he thought

his wife knew Crawford from the place that she used to work, but when his wife yelled to him that Crawford was robbing her, he got out of the truck and started chasing him. Francisco acknowledged that his wife never fell to the ground or anything like that. Crawford pushed her, but she landed against the truck, and he never saw a punch thrown. Crawford was only pulling on the purse, and his wife's clothes were not ripped. But the following day, her arm was bruised. He identified three pictures of his wife, showing the bruise on her arm. The pictures were admitted. Francisco stated that the injury was from Crawford grabbing the purse. He stated that the bruises got even larger than what was shown in the pictures.

Crawford testified in his own defense. He stated that he did take the purse, but in doing so, he did not threaten her or harm the victim in any kind of way. He did not try to struggle with the woman in order to get her purse. He did not try to push her down. He pulled the purse one or two times and then ran. On cross-examination by the State, when asked if he was saying that he did not injure her, he replied, "I didn't know I injured her, no."

This case is very similar to *Lane*, where the victim testified that she suffered physical pain when her wrist was twisted by the appellant as he attempted to steal her wallet. *Lane*, 763 S.W.2d at 787. A bruise on her wrist corroborated the fact that she was indeed injured to some extent in the struggle. *Id.* The court of criminal appeals held that the jury was justified in finding that the appellant inflicted bodily injury when he grabbed the wallet and twisted it out of her hands. *Id.*

Crawford argues that this case is factually distinguishable from *Lane*. Crawford contends that, unlike in *Lane*, "there is no clear evidentiary link between the act of Appellant and the alleged bodily injury." We disagree. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Crawford committed the offense of robbery beyond a reasonable doubt. We thus overrule issue one.

Having overruled Crawford's issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]